**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**,

       **Plaintiff,**

vs.              5:12-cv-1188
                 (MAD/TWD)
**ALI MCDONALD,**

       **Defendant.**
_____

**APPEARANCES:**          **OF COUNSEL:**

**MEGGESTO, CROSSETT & VALERINO, LLP**  **GARY J. VALERINO, ESQ.**
313 East Willow Street
Suite 201
Syracuse, New York 13203
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  On July 25, 2012, Plaintiff United States of America commenced this action alleging that Defendant defaulted on a promissory note. *See* Dkt. No. 1. On September 28, 2012, Plaintiff moved for an entry of default, which was entered by the Clerk of the Court on October 1, 2012. *See* Dkt. Nos. 4, 5.

  Currently before the Court is Plaintiff's motion for entry of a default judgment against Defendant pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

### II. DISCUSSION

**A.**  **Standard of Review**

  "Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court

must follow before it may enter a default judgment against a defendant.'" *United States v. Simmons*, No. 5:10-CV-1272, 2012 U.S. Dist. LEXIS 27787, *3 (N.D.N.Y. Mar. 2, 2012) (quotation omitted). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."'" *Id.* (quotation omitted); Fed. R. Civ. P. 55(a). "'Second, pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" *Id.* (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" *Id.* (quotation omitted); Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Bravado Int'l Group Merch. Servs. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) (citations omitted); *see also Bravado Int'l*, 655 F. Supp. 2d at 189-90 (citation omitted). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Group, Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The burden is on the plaintiff to establish its entitlement to recovery." *Bravado Int'l*, 655 F. Supp. 2d at 189 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" *Id.* at 190 (quotation omitted).

**B.     Application**

In the present matter, Plaintiff has established through its complaint and attached exhibits that it is entitled to judgment in its favor. The complaint and summons were properly served on August 29, 2012, *see* Dkt. No. 3, and Defendant has failed to answer the complaint or otherwise appear in this matter. Plaintiff has complied with the requirements set forth in Local Rule 55.2(b) to the extent required for the Court to grant Plaintiff's motion as to liability.[1] As such, Defendant has defaulted within the meaning of Rule 55(b)(2) of the Federal Rules of Civil Procedure and the following factual allegations are deemed true for purposes of establishing liability. *See United States v. Beam*, No. 6:12-CV-0087, 2012 U.S. Dist. LEXIS 69054, *4 (N.D.N.Y. May 17, 2012) (holding that by failing to answer the plaintiff's complaint or respond to the motion, the defendant "has effectively conceded" that he is subject to the terms of the promissory note, and is liable for the money owed).

On or about December 15, 2002, Defendant executed a promissory note to secure a loan of $5,084.33 from the United States Department of Education (the "Department"). *See* Dkt. No. 1-2 at 1. The loan was disbursed on December 31, 2002 at a 4.88 percent interest rate per annum. *See id.* The Department demanded payment according to the terms of the note, and the borrower defaulted on December 16, 2004. *See id.* Pursuant to 34 C.F.R. § 685.202(b), a total of $213.01 in unpaid interest was capitalized and added to the principal balance. *See id.*

---

[1] Local Rule 55.2 mandates that a party submitting a motion for entry of default judgment must also submit "a statement showing the principal amount due, not to exceed the amount demanded in the complaint, . . . a computation of the interest to the day of the judgment, a *per diem* rate of interest, and the costs and taxable disbursements claimed." LOCAL RULES N.D.N.Y. 55.2(a). Also in accordance with Local Rule 55.2, an affidavit must be submitted stating that, "[u]pon Plaintiff's information and belief, the defendant is neither an infant nor an incompetent person requiring special service . . . and is not serving with the armed forces of the United States." *See* Dkt. No. 7-1 at 1; LOCAL RULES N.D.N.Y. 55.2(a)(2).

The Department has credited a total of $70.66 in payments from all sources, including Treasury Department offsets, to the balance. *See id.* After application of these payments, as of August 24, 2010, Defendant owes Plaintiff the following:

Principal:     $5,297.34

Interest:      $1,685.59

Total:         $6,982.93

*See id.* According to the Certificate of Indebtedness, interest accrues on the principal at a rate of 4.88 percent, and at a daily rate of $0.71. *See id.*

Plaintiff requests that the Court enter default judgment for the remainder of the loan, and award pre-judgment and post-judgment interest, administrative costs, and service of process costs. *See* Dkt. No. 6. Plaintiff has supported its claim with a Certificate of Indebtedness, which was prepared, under penalty of perjury, by a loan analyst from the Department of Education. *See* Dkt. No. 1-2 at 1. Further, Plaintiff included a copy of the promissory note signed by Defendant. *See* Dkt. No. 1-1. These facts satisfy the Court that Plaintiff is entitled to judgment for the unpaid principal balance of the loans.

Pursuant to 34 C.F.R. § 682.410(b)(3), Plaintiff is also entitled to the amount of interest accrued on the loan. Plaintiff has calculated that, as of August 24, 2010, Defendant owed pre-judgment interest of $1,685.59, and a total debt of $6,982.93. *See* Dkt. No. 1-2 at 1. Since August 24, 2010, pre-judgment interest has continued to accrue on the loan at the rate of $0.71 per day. *See id.* As such, including today, the date of judgment, August 8, 2013, 1,081 days have passed and, therefore, Defendant owes an additional $767.51 in pre-judgment interest. When added to the unpaid principal and pre-judgment interest already calculated, the total amount due under the promissory note through today is $7,750.44.

Pursuant to 28 U.S.C. § 1961(a), Plaintiff is entitled to post-judgment interest, which it has sought here. *See* Dkt. No. 1 at 2. The rate of such interest, as set forth in section 1961(a), "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

In addition to the principal and interest on the loan, Plaintiff seeks costs and attorneys' fees as allowed by law. The federal government may recover "reasonable collection costs" from a borrower who defaults on a student loan. 20 U.S.C. § 1091a(b)(1). "The Department of Education has interpreted such costs to include, among other things, attorney's fees." *United States v. Washington,* No. 08-CV-5083, 2009 U.S. Dist. LEXIS 128075, *7 (E.D.N.Y. Dec. 14, 2009). However, 34 C.F.R. § 682.202(g)(1)(i) provides that attorneys' fees may be awarded only "[i]f provided for in the borrower's promissory note." 34 C.F.R. § 682.202(g)(1)(i). In the present case, Plaintiff has provided the promissory note signed by Defendant. In that note, Defendant agreed to the following terms: "If I fail to make payments on this note when due, I will also pay collection costs including but not limited to attorney's fees and court costs." *See* Dkt. No. 1-1. As such, the Court finds that Plaintiff has established that it is entitled to reasonable attorney's fees and costs associated with this action. If Plaintiff decides to pursue such fees and costs, it must move for such fees in accordance with Rule 54(d) of the Federal Rules of Civil Procedure within fourteen (14) days after the entry of judgment.

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the

reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment (Dkt. No. 6) is **GRANTED** consistent with this Memorandum-Decision and Order; and the Court further

**ORDERS** that damages are awarded in the following amounts:

(1) unpaid principal and pre-judgment interest through August 8, 2013 of $7,750.44; and

(2) post-judgment interest accruing at the statutory rates as discussed above; and the Court further

**ORDERS** that, if Plaintiff decides to pursue attorneys' fees and costs, it must move for such fees in accordance with Rule 54(d) of the Federal Rules of Civil Procedure within **fourteen (14) days** after the entry of judgment; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case.

**IT IS SO ORDERED.**

Dated: August 8, 2013
Albany, New York

_Mae A. D'Agostino_
U.S. District Judge